

# NUMBER 13-25-00081-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN THE MATTER OF THE MARRIAGE OF
### MARIA ESPERANZA BROWN AND BAILEY SCOTT BROWN
### AND IN THE INTEREST OF H.C.B., A CHILD

---

### ON APPEAL FROM THE 322ND DISTRICT COURT
### OF TARRANT COUNTY, TEXAS

---

# MEMORANDUM OPINION

### Before Justices Silva, Peña, and West
### Memorandum Opinion by Justice Peña

Appellant Bailey Scott Brown filed a notice of appeal from the trial court's October 23, 2024 final decree of divorce.[1] The parties subsequently filed a joint motion for reconsideration regarding meditation, which the court granted on February 19,

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2025. The parties then filed two joint motions to extend the date for mediation, both of which the court granted.

On September 22, 2025, the parties filed a "Joint Motion to Affirm Divorce and Property Division, but Reverse the Trial Court's Judgment as to Child Custody Issues and Remand This Matter for Entry of an Amended Agreed Final Decree of Divorce," (Joint Motion) approved as to form and substance and signed by all the parties' counsel. In the motion, the parties advise that they have reached a settlement and request that this Court affirm the divorce and property division in the trial court's judgment signed on October 23, 2024, but reverse the portion relating to child custody disputes and remand this matter to the trial court for entry of an amended agreed final decree of divorce. *See* TEX. R. APP. P. 42.1(a)(2)(B).

Texas Rule of Appellate Procedure 42.1(a)(2), governing the voluntary dismissal of civil appeals by agreement, allows an appellate court to:

(A)     render judgment effectuating the parties' agreement;

(B)     set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or

(C)     abate the appeal and permit the proceeding in the trial court to effectuate the agreement.

*Id.* R. 42.1(a)(2). Accordingly, we reinstate this case, grant the parties Joint Motion, vacate the October 23, 2024 final decree of divorce without regard to the merits, dismiss the appeal, and remand the case to the trial court for rendition of judgment in accordance

2

with the parties' agreement and for any further proceedings deemed necessary. *See id.*; *see also Est. of Steward*, No. 13-23-00162-CV, 2023 WL 5486230 at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, no pet.) (mem. op.). Costs are taxed against appellant. *See* TEX. R. APP. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having dismissed the appeal at the parties' request, no motion for rehearing will be entertained.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
16th day of October, 2025.